### PLANT v. HAFF.

(Supreme Court, Appellate Division, Second Department. February 5, 1915.)

1. MASTER AND SERVANT (§ 80*)—EVIDENCE—VALUE OF SERVICES.

In an action on a contract of hiring, it was error to exclude plaintiff's own valuation of her services.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 107–127; Dec. Dig. § 80.*]

2. MASTER AND SERVANT (§ 80*)—ACTIONS FOR WAGES—EVIDENCE.

In an action on a contract of hiring made with reference to a woman with whom defendant had maintained illicit relations, evidence of intercourse between her and other men was properly excluded, and evidence of nonintercourse improperly admitted.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 107–127; Dec. Dig. § 80.*]

Jenks, P. J., dissenting in part.

Appeal from Nassau County Court.

Action by Carman Plant against William P. W. Haff, Jr. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

Elvin N. Edwards, of Freeport, for appellant.
Earl J. Bennett, of Rockville Center, for respondent.

PER CURIAM. [1, 2] It is regretted that the memory of this case must be revived in a respectable community. While the finding that plaintiff was hired is not against the weight of the evidence, yet it was error to exclude plaintiff's own valuation of her services, and to admit evidence of the wages of day laborers. It was also error to admit evidence of nonintercourse with other persons, as that fact, if it was such, could not have induced him to engage the plaintiff. The evidence of intercourse with others was properly rejected, even though it was communicated to the defendant by third persons.

The judgment and order of the County Court of Nassau County should be reversed, and a new trial ordered; costs to abide the event.

JENKS, P. J. I do not assent to the final holding of the court, stated in the opinion. If before the alleged making of the contract the defendant had been informed by third persons that this woman, at or about the times of his relations with her, had maintained illicit relations with other men, I think that the defendant should be permitted to give proof of such information.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A jury might well conclude that a man would be less likely to make such a contract with reference to a woman of general loose character than a woman who he supposed had been unchaste with him only. His paternity of the child would be more in doubt, much more difficult to establish, and a publication of his illicit relations might be less harmful, if the proof thereof rested in part upon the word of a woman of the town. Of course such evidence would be hearsay as to the fact of her unchastity with others, but not as to whether defendant had been informed of such unchastity. Although the proposition was whether defendant had made the contract, this evidence was relevant, if it tended to make "the proposition at issue more or less probable." Wharton on Evidence (3d Ed.) vol. 1, § 21.

I therefore concur in the result.